*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2011-150

DECEMBER TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Mark E. Kriskov | } | DOCKET NO. 659-4-09 Rdcr |

Trial Judge: Theresa S. DiMauro

In the above-entitled cause, the Clerk will enter:

Defendant appeals his aggravated assault conviction, arguing that the evidence was insufficient to prove the requisite intent element beyond a reasonable doubt and that the State failed to disprove that he acted in self-defense. We affirm.

The State's information alleged that on April 25, 2009 defendant threatened his neighbor with a deadly weapon, in violation of 13 V.S.A. § 1024(a)(5). Defendant waived his right to a jury trial, and trial by court was held in October 2010. Following the trial, the criminal division of the superior court issued a decision finding defendant guilty of aggravated assault, as charged. The trial court's findings described a confrontation in which defendant mocked the neighbor and eventually threatened him with a fixed-blade hunting knife. Defendant threatened to cut the neighbor with the knife, which he pointed at the neighbor within arm's reach. At one point, the neighbor got a baseball bat from his truck. The neighbor testified that he picked up the bat after being threatened, while defendant testified that neighbor picked up the bat when defendant was "running his mouth" and that defendant brandished his knife only after he saw the bat. As found by the court, all witnesses, as well as defendant, agreed that neighbor never raised or made as if to use the bat against defendant. Nor did defendant actually attempt to use the knife against the neighbor. One of the neighbor's companions called the police, and defendant was arrested.

Based on the witnesses' testimony, the trial court concluded that the State proved beyond a reasonable doubt that defendant, while armed with a deadly weapon, threatened to use that weapon on the neighbor. According to the court, the "real issue" was whether defendant had acted in self-defense, as he claimed. Citing the testimonial evidence, the court concluded that the State proved beyond a reasonable doubt that defendant: (1) did not reasonably believe he was in imminent danger of immediate bodily harm; (2) and that he did not reasonably believe that the force he used was necessary to avoid danger.

On appeal, defendant first argues that the evidence presented at trial was insufficient to prove beyond a reasonable doubt that he actually intended to stab his neighbor. Defendant does not contend that the State's evidence was insufficient to demonstrate beyond a reasonable doubt that he intended to threaten the neighbor with a deadly weapon, but, in his view, the State had to prove further that he actually intended to carry out his threat. We disagree.

The Legislature did not include within § 1024(a)(5) the element of intent to carry out the threat as argued for by defendant. Instead, the section proscribes (1) having a deadly weapon and (2) threatening to use it on another. Implicit in this scheme is a necessary specific intent to threaten; that is, the actor must intend the threat to be perceived as such and to be taken seriously. This was essentially summarized by the court's requirement that the State prove beyond a reasonable doubt that defendant was armed with a deadly weapon and threatened to use it, with "threatened" meaning "to communicate by words or deeds an intent to inflict harm" upon another. That the court also added that the state must prove defendant "intended to do the actions and words alleged to be a threat" does not detract from or add elements to § 1024(a)(5), but declares, somewhat redundantly, that the aggregate of words and deeds amounting to a threat must have been deliberate on the part of the defendant rather than inadvertent.

Defendant's assertion that "mere verbal threats alone are not enough to establish guilt" is dubious, but that is neither the statute nor case before us.[*] Here, defendant's stated intention to stab the neighbor was accompanied by the pulling of his knife—a threat <u>and</u> possession of the deadly weapon being the prerequisites to guilt under § 1024(a)(5). His intention to threaten another with a deadly weapon is as inescapable as it was explicit. In any event, defendant does not argue that the State failed to prove he threatened his neighbor with a deadly weapon and intended to do so. Therefore, his claim that the State failed to prove the requisite intent element must fail.

Next, defendant argues that the State failed to disprove that he acted in self-defense. The State has the burden to prove beyond a reasonable doubt that the defendant: (1) "did not reasonably believe that he was in imminent danger of immediate bodily harm"; (2) "did not reasonably believe that the use of force was necessary to avoid danger"; or (3) did not use only the minimum force "reasonably necessary to repel his attacker." <u>State v. Forant</u>, 168 Vt. 217, 219 (1998). The trial court found that, despite defendant's stated belief that the neighbor still carried the bat, and despite some differences in the other witnesses' narratives concerning the confrontation between defendant and his neighbor, all of the witnesses except defendant agreed that at the time defendant threatened the neighbor with a knife the neighbor did not have the bat and was not overtly aggressive toward defendant. The court also found that the neighbor never gestured as if to strike defendant or approached him combatively with the bat. The court further noted that defendant's own conduct during the incident demonstrated that he was unafraid of his neighbor, even passing and turning his back to neighbor after seeing the bat, and continuing to taunt him. Finally, the court observed that it was defendant who initiated the confrontation and,

_____

[*] The assertion that "verbal threats alone" cannot be criminalized may implicate a free speech question. See <u>Virginia v. Black</u>, 538 U.S. 343, 358-60 (2003) (discussing whether First Amendment protects threatening speech). Defendant has not briefed an argument under the First Amendment or Chapter I, Article 13 of the Vermont Constitution, however, and thus we do not consider any such question here.

at the end, viewed himself more as the aggressor than the victim by lamenting, in reference to the neighbor, that he should have "busted him up." Nothing in the record undermines the court's conclusion that defendant was the aggressor and did not fear for his safety during the confrontation.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice